USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/14/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NELDA JULIANI,

                      Plaintiff,

-against-

ALEINA ALMEIDA; MERIDIAN INTERNATIONAL SOURCING GROUP,

                      Defendants.

22-CV-3018 (GHW)

ORDER OF SERVICE

GREGORY H. WOODS, United States District Judge:

    Plaintiff, who is appearing *pro se*, brings this action alleging that Defendants failed to pay her wages from October 5, 2020, through July 7, 2021. The Court construes the complaint as asserting a claim under the Fair Labor Standards Act, 29 U.S.C. § 206(a)(1). By order dated April 13, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees.

    Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that summonses and the complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to

request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants Aleina Almeida and Meridian International Sourcing Group through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

Plaintiff must notify the Court in writing if her address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is instructed to complete the USM-285 forms with the addresses for Aleina Almeida and Meridian International Sourcing Group, and deliver to the U.S. Marshals Service all documents necessary to effect service.

SO ORDERED.

Dated: April 14, 2022
       New York, New York

                                            _____
                                                   GREGORY N. WOODS
                                                United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1. Aleina Almeida
   180 Maiden Lane, Ste. 901
   New York, N.Y. 10038

2. Meridian International Sourcing Group
   180 Maiden Lane, Ste. 901
   New York, N.Y. 10038