UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
NELDA JULIANI,

                Plaintiff,

        against

MERIDIAN INTERNATIONAL SOURCING
GROUP,

                Defendant.
-------------------------------------------------------------X

22 Civ. 3018 (JHR) (GS)

**ORDER**

**GARY STEIN, United States Magistrate Judge:**

       On January 25, 2024, an initial case management conference was held in this matter, at which only the *pro se* Plaintiff appeared. The same day, the Court issued an Order to Show Cause as to why the undersigned should not issue a judgment of default in favor of the Plaintiff. (Dkt. No. 45). Defendant Meridian International Sourcing Group did not respond to the Order to Show Cause by the February 12, 2024 deadline specified therein.

       Accordingly, Plaintiff is directed to initiate the process for obtaining a default judgment by filing an application for a Clerk's Certificate of Default, pursuant to Local Civil Rule 55.1 of the United States District Courts for the Southern and Eastern Districts of New York. Plaintiff shall file this application, including the affidavit required under Local Civil Rule 55.1(b), by March 29, 2024.

       Upon issuance of a Certificate of Default by the Clerk of Court, the Court will set a schedule for Plaintiff's filing of a motion for a default judgment pursuant to Local Civil Rule 55.2.

A copy of Local Civil Rules 55.1 and 55.2 is attached to this Order as a convenience to Plaintiff. Plaintiff should also consult Rule 55 of the Federal Rules of Civil Procedure. As discussed at the conference on January 25, 2024, Plaintiff may wish to seek the assistance of the Office of Pro Se Litigation and/or the NYLAG Legal Clinic for Pro Se Litigants in preparing her application for entry of a Clerk's Certificate of Default, and her motion for a default judgment.

The Clerk of Court is respectfully directed to mail a copy of this Order to the *pro se* Plaintiff at 136 Hamden Avenue, Staten Island, NY 10306.

**SO ORDERED.**

DATED:   New York, New York
         February 20, 2024

_____
GARY STEIN
United States Magistrate Judge

Joint Local Rules, S.D.N.Y. and E.D.N.Y.
Effective October 15, 2021

**Local Civil Rule 55.1. Certificate of Default**

A party applying for entry of default under Fed. R. Civ. P. 55(a) shall file:

(a) a request for a Clerk's Certificate of Default; and

(b) an affidavit demonstrating that:

    (1) the party against whom a notation of default is sought is not an infant, in the military, or an incompetent person;

    (2) the party has failed to plead or otherwise defend the action; and

    (3) the pleading to which no response has been made was properly served.

A proposed Clerk's Certificate of Default form must be attached to the affidavit.

### COMMITTEE NOTE

The Committee believes that Local Civil Rule 55.1 is helpful in setting forth the contents of the affidavit to be submitted by a party seeking a certificate of default pursuant to Fed. R. Civ. P. 55(a).

### 2018 COMMITTEE NOTE

The revision to Local Rule 55.1 incorporates the revised ECF Rule requiring the electronic filing of a request for a Clerk's Certificate of Default.

Joint Local Rules, S.D.N.Y. and E.D.N.Y.
Effective October 15, 2021

**Local Civil Rule 55.2. Default Judgment**

(a)  By the Clerk. Upon issuance of a Clerk's certificate of default, if the claim to which no response has been made only sought payment of a sum certain, and does not include a request for attorney's fees or other substantive relief, and if a default judgment is sought against all remaining parties to the action, the moving party shall submit an affidavit showing the principal amount due and owing, not exceeding the amount sought in the claim to which no response has been made, plus interest, if any, computed by the party, with credit for all payments received to date clearly set forth, and costs, if any, pursuant to 28 U.S.C. § 1920.

(b)  By the Court. In all other cases the party seeking a judgment by default shall apply to the Court as described in Fed. R. Civ. P. 55(b)(2), and shall append to the application:

   (1) the Clerk's certificate of default,

   (2) a copy of the claim to which no response has been made, and

   (3) a proposed form of default judgment.

(c)  Mailing of Papers. Unless otherwise ordered by the Court, all papers submitted to the Court pursuant to Local Civil Rule 55.2(a) or (b) above shall simultaneously be mailed to the party against whom a default judgment is sought at the last known residence of such party (if an individual) or the last known business address of such party (if a person other than an individual). Proof of such mailing shall be filed with the Court. If the mailing is returned, a supplemental affidavit shall be filed with the Court setting forth that fact, together with the reason provided for return, if any.

### COMMITTEE NOTE

Although Fed. R. Civ. P. 55(b) does not require service of notice of an application for a default judgment upon a party who has not appeared in the action, the Committee believes that experience has shown that mailing notice of such an application is conducive to both fairness and efficiency, and has therefore recommended a new Local Civil Rule 55.2(c) providing for such mailing.